OSCAR BERNHEIM, Respondent, *v.* GEORGE L. WOODMAN and Another, Appellants.

Second Department, June 19, 1925.

**Mortgages — foreclosure — evidence insufficient to justify judgment in favor of plaintiff.**

In an action to foreclose a mortgage on real property in which the complaint fails to allege the terms and conditions for the repayment of the alleged loan, and in which there are no findings of fact on that question, the evidence is insufficient to justify a judgment in favor of the plaintiff. There is no evidence that the payments, forming the basis of the ·mortgage, alleged to have been made by plaintiff were made to or for account of the defendants, nor is there any evidence as to how the plaintiff came into the transaction.

APPEAL by the defendants, George L. Woodman and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 24th day of November, 1924, upon the decision of the court rendered

after a trial at the Nassau Special Term directing the sale of certain premises in an action to foreclose a mortgage.

*Lincoln B. Haskin,* for the appellants.

*Edwin C. Morsch,* for the respondent.

PER CURIAM:

The complaint is defective in that the terms and conditions for repayment of the alleged loan are omitted, and apparently this is more than an error in printing, because the same omission is found in the findings of fact of the trial justice. So that there is really no justification for the finding of a default in the payment of principal or interest. The bond and mortgage bearing date April 1, 1923, and purporting to have been executed and acknowledged on that date in Nassau county, were concededly not executed or acknowledged on April 1, 1923, which was Sunday, nor were they executed in Nassau county. The record is barren of evidence as to how the mortgage came to be made. Defendants deny its validity. There is no evidence as to how the plaintiff or his brother came into the transaction. It is conceded that plaintiff and his brother never advanced any money to the defendants, and as to the payments claimed to have been made by Alfred Bernheim aggregating $3,847.45, there is no evidence that they were paid for or on account of defendants or as to the dates of the payments or to whom or for what purpose they were made. The mortgage was not put on record until October, 1923, after plaintiff had been notified that defendants disputed the validity of the alleged transaction. The bond is not in the record — it is said to have been lost. The transactions of plaintiff and his brother appear to have been, not with the defendants, owners of the premises, but with one Kennedy who had the contract for doing the carpenter work at $500. Plaintiff says Kennedy was defendants' agent, but defendants deny this. Kennedy was not called to the witness stand. The whole transaction is peculiar, and the evidence is entirely insufficient to justify the judgment of foreclosure and sale.

KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Judgment of foreclosure and sale reversed, upon the facts, and a new trial granted, with costs to appellants to abide the event. The findings of fact at Special Term are reversed as contrary to the evidence, and the conclusions of law are disapproved and set aside.